Amanda F. Benedict, CA Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7560
amanda@amandabenedict.com

*Counsel for Plaintiff and all others similarly situated*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID BAESEL,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**MUTUAL OF OMAHA MORTGAGE, INC.,** a Delaware corporation,<br><br>*Defendant.* | Case No. **'20 CV0886 DMS AGS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff David Baesel ("Baesel" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Mutual of Omaha Mortgage, Inc. ("Mutual of Omaha" or "Defendant") to stop Defendant from violating the Telephone Consumer Protection Act by making unsolicited, pre-recorded voice and other calls to consumers, including consumers whose phone numbers are registered on the National Do Not Call registry ("DNC"), and to

otherwise obtain injunctive and monetary relief for all persons injured by Mutual of Omaha's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Baesel is a Parker, Florida resident.

2. Defendant Mutual of Omaha is a Delaware corporation headquartered in San Diego, California. Mutual of Omaha conducts business throughout this District, the state of California, and the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and because the wrongful conduct giving rise to this case was directed to Plaintiff from this District.

## TCPA BACKGROUND

5. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or pre-recorded voice…to any telephone number assigned to a…cellular telephone service." *See* 47 U.S.C. §227 (b)(1)(A)(iii).

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

7. While "prior express consent" is required for all automated and pre-recorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e. that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement must be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

8. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

9. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

10. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

CLASS ACTION COMPLAINT
-3-

12. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

16. According to a respected robocall watch site, robocalls have increased by a whopping 494% in a four-year span: from 8.9 billion in the last three quarters of 2015 to 43 billion in the same nine months of 2019. *See* YouMail Robocall Index, Historical Robocalls by Time, available at https://robocallindex.com/history/time/ (accessed Mar. 5, 2020).

17. Of the 58.5 billion robocalls made in 2019, YouMail reports that over half of these calls—56%—were scam calls, spoofed calls, or telemarketing calls. *Id*.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

18. Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

## MUTUAL OF OMAHA

19. Mutual of Omaha provides consumers with mortgage loans and offers mortgage refinancing to consumers.[3]

20. Mutual of Omaha places pre-recorded calls in order to market its mortgage-related services to consumers.

21. Mutual of Omaha places these pre-recorded sales calls to consumers' phone numbers without obtaining their prior express written consent.

22. Mutual of Omaha also places unsolicited calls to consumer phone numbers that are registered on the DNC.

23. Mutual of Omaha placed at least 6 unsolicited calls to Plaintiff's cell phone number, at least 3 of which were pre-recorded, despite the fact that Plaintiff registered his phone number on the DNC.

24. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to stop making pre-recorded voice sales and other solicitation calls to consumers without their consent, including calls to phone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## COMMON ALLEGATIONS

**Mutual of Omaha Markets its Services by Placing Pre-recorded Calls to Consumers Without Their Consent**

25. Mutual of Omaha makes pre-recorded calls to consumers without obtaining their prior written express consent.

---

[3] https://www.mutualmortgage.com/

26. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all … pre-recorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

27. Mutual of Omaha does not have consumers' prior express written consent to make pre-recorded solicitation calls, and therefore, Mutual of Omaha's pre-recorded voice calls violate the TCPA.

28. In addition, Mutual of Omaha places unsolicited calls to phone numbers that are registered on the DNC.

29. There are many complaints that consumers have posted online about unsolicited, pre-recorded calls they received from Mutual of Omaha. This is a small sampling of those complaints, including complaints from consumers who registered their phone numbers on the DNC:

- "Robo call from 'John at Mutual of Omaha in Wilmington' about affordable insurance for kids.
  Strike 1. Robo calls are not legal in CA
  Strike 2. Wilmington CA is not in the 510 area code
  Strike 3. My cell is on the DNC list
  Number blocked, your out!"[4]
- "Robocall. Scam. Ditto another poster, 'John from Mutual of Omaha in Wilmington.'"[5]
- "Telemarketer. Mutual of Omaha"[6]
- "Robocall. Mutual of Omaha"[7]

---

[4] https://800notes.com/Phone.aspx/1-510-313-6697
[5] *Id.*
[6] *Id.*
[7] https://800notes.com/Phone.aspx/1-510-313-6697/2

CLASS ACTION COMPLAINT
-6-

- "Robocall scam. 'John of Mutual of Omaha in Wilmington' wants to free you of your money."[8]
- "The caller ID shows, 'Hall Kathleen' but the representative claimed to be from Mutual of Omaha wanting to let the owner know about the huge decrease in life insurance rates. I'm guessing the number was spoofed."[9]
- "I'm fed up with these unwanted callers. Screaming at them 10 or more times to leave us alone doesn't work. As they're based in Omaha and so are we, my next move will be filing a formal complaint!"[10]
- "I am on the do not call list. I resent this caller calling me!! Do not call me again!!!"[11]

## PLAINTIFF'S ALLEGATIONS

**Mutual of Omaha Placed Pre-recorded Calls to Plaintiff's Cell Phone Without His Consent, Despite the Fact That Plaintiff Registered his Phone Number on the DNC**

30. On April 29, 2014, Plaintiff registered his cell phone number on the DNC.

31. Plaintiff uses his cell phone for personal use only. It is not used for business purposes.

32. In January of 2020, Plaintiff began receiving unsolicited phone calls from Defendant regarding mortgage refinancing to his cell phone. All of the phone calls Defendant placed were from the phone number 863-658-6408.

33. Plaintiff received calls on:

- January 15, 2020 at 6:21 PM
- February 5, 2020 at 8:42 AM
- February 18, 2020 at 12:50 PM

---

[8] https://findwhocallsyou.com/5103136697?CallerInfo
[9] https://800notes.com/Phone.aspx/1-402-980-1525
[10] *Id.*
[11] http://whoscall.in/1/4023513922/

CLASS ACTION COMPLAINT
-7-

1  34. The aforementioned calls were not answered by Plaintiff and no
2 message was left.
3  35. On March 5, 2020 at 2:49 PM, Plaintiff received another unsolicited
4 call from Defendant using phone number 863-658-6408 to his cell phone. Plaintiff
5 did not answer this call, but he did receive a pre-recorded message from an agent
6 named Kevin asking Plaintiff to call the number on Plaintiff's screen.
7  36. On March 17, 2020 at 3:15 PM, Plaintiff received yet another
8 unsolicited call to his cell phone from Defendant using phone number 863-658-
9 6408. Plaintiff did not answer this call, but he received another pre-recorded
10 message from an agent named Kevin that is identical to the message Plaintiff
11 received on March 5, 2020 (transcription of the voicemail below).



23  37. On April 15, 2020 at 10:26 AM, Plaintiff received yet another
24 unsolicited call to his cell phone from Defendant using phone number 863-658-
25 6408. Plaintiff did not answer this call, but he received another pre-recorded

message from an agent named Kevin that is identical to the previous voicemail messages, as shown above.

38. Plaintiff believes each of the calls to be prerecorded because the three voicemails were identical.

39. Upon investigation by Plaintiff's attorneys, when 863-658-6408 is called, an automated system answers identifying the company as *"Hello, you have reached Mutual of Omaha Mortgage, Synergy One Lending, formerly BBMC mortgage. Thank you for calling Mutual of Omaha Mortgage…if you are inquiring about a mortgage and wish to speak with a loan officer please press 2. If you are calling about an opt-out request or wish to be placed on a do not call request, please press 3."*

40. Plaintiff does not have a relationship with Mutual of Omaha, Synergy One Lending, BBMC or any of its affiliated companies, nor has he ever consented to any contact from Defendant.

41. Simply put, Mutual of Omaha did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to him using a pre-recorded voice or otherwise.

42. Defendant's unauthorized telephone calls harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Baesel's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

43. Seeking redress for these injuries, Baesel, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded solicitation calls to landline and cellular phone numbers, and which prohibits multiple calls to phone numbers that are registered on the DNC.

# CLASS ALLEGATIONS

## Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Mutual of Omaha

44.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice message (3) on their cell phone number or residential landline (4) for substantially the same purpose Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) Defendant did not obtain prior express written consent.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time (2) on their residential cell phone number or residential landline (3) within any 12-month period where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days (4) for substantially the same purpose Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) Defendant did not obtain prior express written consent.

45.   The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the

legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

46. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  (a) whether Defendant placed pre-recorded voice calls to Plaintiff and the members of the Pre-recorded No Consent Class;

  (b) whether Defendant placed pre-recorded voice calls to Plaintiff and members of the Class without first obtaining consent to make the calls;

  (c) whether Defendant placed more than one call to Plaintiff and members of the Do Not Call Registry Class despite calling phone numbers that are registered on the National Do Not Call registry;

  (d) whether Defendant's conduct constitutes a violation of the TCPA; and

  (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

48. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff

and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

49. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

**(Violations of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff Baesel and the Pre-recorded No Consent Class)**

50. Plaintiff repeats and realleges paragraphs 1 through 49 of this Complaint and incorporates them by reference herein.

51. Defendant and/or its agents made unwanted solicitation telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice.

52. These pre-recorded voice calls were made *en masse* without the consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

53. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A), (B). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant's conduct was willful and knowing.

## SECOND CAUSE OF ACTION

**Telephone Consumer Protection Act**

**(Violation of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

54. Plaintiff repeats and realleges the paragraphs 1 through 49 of this Complaint and incorporates them by reference herein.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

57. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and

the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

59. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

///

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**DAVID BAESEL**, individually and on behalf of those similarly situated individuals

Dated: May 11, 2020

  /s/ *Amanda Benedict*
Amanda Benedict
Law Office of Amanda Benedict
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

Rachel Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*