UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BAESEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MUTUAL OF OMAHA MORTGAGE, INC., a Delaware corporation<br><br>Defendant. | Case No.: 20cv0886 DMS(AGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE** |

This case comes before the Court on Defendant's motion to change venue to the United States District Court for the Middle District of Florida. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons set out below, the motion is denied.

**I.**

**BACKGROUND**

Plaintiff David Baesel is a resident of Parker, Florida. Defendant Mutual of Omaha Mortgage, Inc. is a Delaware corporation with headquarters in San Diego, California. Plaintiff alleges that on April 29, 2014, he registered his cell phone number on the National Do Not Call Registry. (Compl. ¶30.) He further alleges that in January of 2020, he began

receiving unsolicited phone calls on his cell phone. (*Id.* ¶32.) Plaintiff received one call on January 15, 2020, and two calls in February 2020. (*Id.* ¶33.) Plaintiff did not answer these calls and no messages were left. (*Id.* ¶34.) On March 5, 2020, Plaintiff received another call from the same number. (*Id.* ¶35.) Plaintiff did not answer that call, but he did receive a prerecorded message from an agent named Kevin asking him to return the call. (*Id.*) Plaintiff received another call on March 17, 2020, which he again did not answer, and for which he received another message identical to the one he received on March 5. (*Id.* ¶36.) The same thing happened on April 15, 2020. (*Id.* ¶37.)

Plaintiff alleges his attorneys investigated the number from which these calls originated and discovered that Defendant was the source of the calls. (*Id.* ¶39.) Plaintiff alleges he does not have a relationship with Defendant and he has not consented to receiving calls from Defendant. (*Id.* ¶40.) He alleges Defendant's "unauthorized telephone calls harmed [him] in the form of annoyance, nuisance, and invasion of privacy, and disturbed [his] use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone." (*Id.* ¶42.)

As a result of these calls, Plaintiff filed the present case against Defendant. In his Class Action Complaint, he alleges two claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, one on behalf of a class of consumers who did not consent to receive calls from Defendant and the other on behalf of a class of consumers who received calls from Defendant even though their numbers were on the Do Not Call Registry. In response, Defendant filed the present motion.[1]

/ / /

/ / /

---

[1] Defendant has also filed a motion to dismiss for lack of standing, a motion to strike the class allegations from the Complaint and a motion to stay discovery pending a ruling on the other motions. The Court will issue separate orders on those pending motions.

# II.
# DISCUSSION

In a strange set of circumstances, Plaintiff, a resident of Florida, filed the present case in this District. Defendant, who is headquartered in this District, now moves to transfer this case to Florida, in particular, the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). This statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ...." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing these factors weigh in favor of transfer. *Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1095 (N.D. Cal. 2003) (citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1088 (N.D. Cal. 2002) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

**A.     Convenience of Parties[2]**

The first factor mentioned in the statute is the convenience of the parties. Notably, neither side directly addresses this factor. Perhaps this is because both California and Florida would be convenient to both parties based on Plaintiff's residence in Florida but his filing here, and Defendant's headquarters here but its preference to litigate the case in Florida. Based on these facts and the parties' filings, it appears both this Court and the Middle District of Florida would be convenient for both parties. Accordingly, this factor is neutral.

/ / /

/ / /

---

[2] The parties do not appear to dispute this action could have been filed in the United States District Court for the Middle District of Florida, which is a prerequisite for transfer under § 1404(a). Therefore, the Court turns to the first factor, the convenience of the parties.

**B.  Convenience of Witnesses**

The next factor set out in the statute is the convenience of witnesses. "To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044, 1049 (N.D. Cal. 2001) (citing *Royal Queentex Enterprises Inc. v. Sara-Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *6 (N.D. Cal. Mar. 1, 2000)).

Here, Defendant identified only one witness, Kevin Mapes, who is an employee of Defendant and the person who placed the calls to Plaintiff's phone. Defendant states Mr. Mapes is located in Florida, therefore it would be more convenient for him if the case were litigated there. Plaintiff does not dispute Mr. Mapes's location or that it would be more convenient for Mr. Mapes if the case were litigated in Florida. Accordingly, this factor weighs in favor of transfer.

**C.  Other Factors**

In addition to the factors set out in the statute, case law sets out other factors for determining whether the "interests of justice" warrant a change in venue. Those factors are:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The first factor is not relevant to this case, and the second factor is neutral as both California and Florida would be equally familiar with the federal law governing Plaintiff's claims. The other factors are discussed below.

/ / /

/ / /

1. Plaintiff's Choice of Forum/The Parties' Contacts with the Forum/Contacts Relating to Plaintiff's Claims in the Chosen Forum

The first three factors for consideration are Plaintiff's choice of forum, the parties' contacts with the forum and the contacts between Plaintiff's claims and the chosen forum. Although the plaintiff's choice of forum is generally entitled to deference, *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1131 (C.D. Cal. 2009), Defendant argues that deference is diminished here because of the class action nature of Plaintiff's case. "Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted). In judging the weight to be accorded to the plaintiff's choice of forum in a class action, "consideration must be given to the extent of [the parties'] contacts with the forum, including those relating to [the plaintiff's] cause of action." *Id.* (citing *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)). "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Id.* (citing *Pence*, 403 F.2d at 954).

Here, Plaintiff does not appear to have any contacts with this forum. As for contacts in this District relating to Plaintiff's claims, Defendant asserts there are none as the calls at issue were made and received by persons in Florida on Florida-based equipment. Plaintiff does not dispute these facts, which do reduce the deference accorded to his choice of forum. Instead, Plaintiff argues he is "seeking to represent a class of individuals throughout the United States who received calls anywhere and everywhere in the country." (Opp'n to Mot. at 5.) But this argument cuts both ways. If the offending conduct occurred all over the country, it is unclear why venue should lie in this District as opposed to any other, especially when Plaintiff is not a resident of this District and the facts underlying his individual claim occurred elsewhere.

/ / /

On the other hand, Plaintiff points out that Defendant's headquarters are situated in this District, and he argues venue is proper here "because the wrongful conduct giving rise to this case was directed to Plaintiff from this District." (Compl. ¶4.) Defendant appears to dispute that the calls Plaintiff received are "indicative of a corporate directive from [Defendant's] leadership[,]" and in support, it cites the Declaration of Brian Sturgener, Defendant's Senior Vice President of Strategy. (Reply at 6.) Mr. Sturgener declares that Defendant maintains offices "in a number of states across the United States," and that "[e]ach office maintains a separate physical location and utilizes its own telephone dialing equipment to contact its clients and potential clients." (Decl. of Brian Sturgener in Supp. of Mot. ¶6.)  However, Mr. Sturgener does not address Plaintiff's allegation about a company-wide policy of unlawful telemarketing practices. Absent evidence controverting that particular allegation, Plaintiff is entitled to rely on that allegation to establish venue in this District. *See Allstar Marketing*, 666 F.Supp.2d at 1129 (holding "plaintiffs may rely on the allegations in their complaint to establish venue to the extent those allegations are not controverted by defendant's evidence.")  That allegation, coupled with Defendant's headquarters in this District, provide a basis for this Court to take an interest in this case, and a counterbalance to the lack of contacts between Plaintiff and his individual claim and this District. Thus, contrary to Defendant's argument, the Court finds Plaintiff's choice of forum is entitled to the usual deference in this case.

2.  Differences in Costs of Litigation in Two Fora/Ease of Access to Sources of Proof

Defendant acknowledges that the differences in the cost of litigation in each forum is not especially significant "due to electronic discovery," but argues nonetheless that it would be more cost-effective to litigate this case in Florida because that is where Plaintiff and Mr. Mapes reside, and it is where the telephone equipment used to make the calls to Plaintiff's phone is located. (Reply at 8.) Plaintiff points out, however, that Mr. Sturgener resides in this District, and that other defense witnesses may reside here as well. Plaintiff also asserts that to the extent access to Defendant's physical documents is necessary, those

documents are likely to be maintained at Defendant's headquarters, which are in this District. Plaintiff also points out that given the COVID-19 pandemic, many depositions are being taken remotely, which would reduce any disparities between the costs of litigation in the two Districts. Given all of these factors, the Court agrees with Plaintiff that any difference in costs is likely to negligible, and that the ease of access to sources of proof will be similar whether the case remains in this District or is transferred to Florida. Accordingly, these factors are neutral.[3]

## III.
## CONCLUSION

As discussed above, most of the relevant factors in this case are neutral. One factor, the convenience of witnesses, weighs in favor of transfer, but only with respect to Mr. Mapes. Another factor, Plaintiff's choice of forum, weighs against transfer. On balance, the factors are essentially even, and Defendant has not shown otherwise. Accordingly, Defendant's motion to change venue is denied.

**IT IS SO ORDERED**.

Dated: October 19, 2020

Hon. Dana M. Sabraw
United States District Judge

---

[3] Defendant concedes that the last factor, availability of compulsory process to compel attendance of unwilling non-party witnesses is neutral. (Mot. at 7.) Accordingly, the Court will not further address that factor.