UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BAESEL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MUTUAL OF OMAHA MORTGAGE, INC., a Delaware corporation<br><br>　　　　　　　　　　　　Defendant. | Case No.: 20cv0886 DMS(AGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This case comes before the Court on Defendant's motion to dismiss Plaintiff's claim under the Do Not Call ("DNC") Provision of the Telephone Consumer Protection Act ("TCPA"). Defendant moves to dismiss this claim on the ground that Plaintiff lacks standing. Specifically, Defendant argues Plaintiff has failed to allege he suffered any concrete harm and, therefore, he has failed to allege injury.

In support of this argument, Defendant relies primarily on an order granting the defendant's motion for summary judgment in another TCPA case, *Shuckett v. DialAmerica Mktg., Inc.*, No. 17CV2073-LAB (KSC), 2019 WL 3429184 (S.D. Cal. July 30, 2019). In that order, the court granted the defendant's motion for summary judgment, finding the plaintiff failed to produce evidence "that she suffered a concrete, non-conjectural injury."

*Id.* at *3. Defendant argues that order established certain pleading requirements for standing under the TCPA, namely that a plaintiff must allege he was aware of or noticed the call at the time it was made and that the call "caused nuisance[.]" *Id.* Defendant asserts Plaintiff has not met those pleading requirements here, therefore his DNC claim must be dismissed.

The Court disagrees with Defendant's arguments for a number of reasons. First, *Shuckett* did not establish any pleading requirements for standing under the TCPA. Second, as Defendant points out, *Shuckett* was an order on a motion for summary judgment, not a motion to dismiss, which is the motion presently before this Court. Indeed, although the *Shuckett* Court granted the defendant's motion for summary judgment, it denied the defendant's motion to dismiss for lack of standing, finding the plaintiff had standing "regardless of whether she chose to pick up the phone or not." *Shuckett v. DialAmerica Mktg. Inc.*, No. 17CV2073-LAB (KSC), 2019 WL 913174, at *2 (S.D. Cal. Feb. 22, 2019). Here, as in *Shuckett*, Plaintiff has alleged that the three calls to his phone violated the DNC Provision of the TCPA, (Compl. ¶¶57-58), and that they caused him nuisance and invaded his privacy. (*Id.* ¶42.) As in *Shuckett*, these allegations are sufficient to withstand Defendant's motion to dismiss. Accordingly, Defendant's motion is denied.

**IT IS SO ORDERED**.

Dated: October 20, 2020

Hon. Dana M. Sabraw
United States District Judge