UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BAESEL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MUTUAL OF OMAHA MORTGAGE, INC., a Delaware corporation<br><br>　　　　　　　　　　　　Defendant. | Case No.:  20cv0886 DMS(AGS)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO STRIKE AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO STAY DISCOVERY** |

　　　This case comes before the Court on Defendant's motion to strike Plaintiff's class allegations from the Complaint and Defendant's motion to stay discovery pending a ruling on its other motions.  As this Order resolves all of Defendant's pending motions, the motion to stay discovery is denied as moot.  The motion to strike is also denied for the reasons set out below.

　　　Defendant argues the class allegations should be stricken because the proposed classes are uncertifiable fail-safe classes, they are not objectively defined, they are

/ / /

/ / /

/ / /

overbroad,[1] and they are not certifiable under Federal Rule of Civil Procedure 23(b). Plaintiff disputes all of these arguments, and also argues Defendant's motion is premature.

Federal Rule of Civil Procedure 12(f) states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Class allegations may be stricken at the pleading stage." *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235 (S.D. Cal. 2009) (citing *Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir.1975)). "However, motions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.'" *Id.* at 1235-36 (quoting *Thorpe v. Abbott Lab., Inc.*, 534 F.Supp.2d 1120, 1125 (N.D.Cal.2008)). "As other courts have noted, 'the granting of motions to dismiss class allegations before discovery has commenced is rare.'" *Id.* at 1236 (quoting *Thorpe*, 534 F.Supp.2d at 1125). *See also Mattson v. New Penn Fin., LLC*, No. 3:18-CV-00990-YY, 2018 WL 6735088, at *2 (D. Or. Nov. 6, 2018) (quoting *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007)) ("Dismissing class allegations at the pleading stage is rare because 'the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case.'") Indeed, courts in the Ninth Circuit have repeatedly "denied motions to strike class allegations prior to discovery as premature." *Mattson*, 2018 WL 6735088, at *2.

Here, Defendant raises some interesting arguments as to why the proposed classes should not be certified. However, it has not shown that the proposed classes are not certifiable as a matter of law. *Lyons*, 718 F.Supp.2d at 1236. As Plaintiff points out, the issues surrounding commonality may be subject to class-wide proof, but it is difficult to make that determination without any evidence on those issues. It is also unclear from the

---

[1] Defendant argues the proposed classes are overbroad because they would include individuals who lack standing to sue, as set out in Defendant's motion to dismiss. In light of the Court's order denying the motion to dismiss, the Court rejects Defendant's overbreadth argument.

pleadings whether Defendant is still engaged in the calling practices giving rise to Plaintiff's claims, which bears on the issue of class certification under Rule 23(b)(2). In other words, it is not clear from the Complaint "that the class claims cannot be maintained." *Collins v. Gamestop Corp.*, No. C10-1210-TEH, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010). Accordingly, the Court denies Defendant's motion to strike the class allegations.[2]

**IT IS SO ORDERED**.

Dated:  October 20, 2020

Hon. Dana M. Sabraw
United States District Judge

---

[2] Defendant also moves to strike the allegations concerning Plaintiff's Do Not Call claim for the reasons set out in its motion to dismiss. In light of the Court's denial of that motion, the motion to strike those allegations is denied. Defendant's final request to strike the allegations of on-line complaints is also denied as Defendant has not shown those allegations to be "redundant, immaterial, impertinent, or scandalous[.]" Fed. R. Civ. P. 12(f).